Thompson v. Garrison.

---

ALEXANDER THOMPSON v. JAMES R. GARRISON, *et al.*

CONTRACT *Construed; Liability.* Where parties, in behalf of a voluntary and unincorporated association of which they are members, invite a third party to perform services, and in pursuance thereof such services are performed, the parties inviting are responsible, either as signing the invitation or as members of the association.

Thompson v. Garrison.

*Error from Miami District Court.*

ACTION brought by *Thompson* against *Garrison* and three others, to recover $395, with interest, a balance alleged to be due from defendants to plaintiff for his services as pastor of the First Presbyterian church of Paola, Kansas. Trial at the October Term, 1878, of the district court, and judgment for defendants. The plaintiff brings the case here for review. Other facts are set forth in the opinion.

*Beeson & Baker*, for plaintiff in error.

*W. B. Brayman*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: In this case a demurrer to the petition was sustained, and of this ruling plaintiff complains. The material portion of the petition is as follows:

"And now comes the said plaintiff, and complains of the said defendants, and alleges that heretofore, to wit, on the first day of February, A. D. 1875, the defendants executed and delivered to the plaintiff a written obligation, in the words and figures following, to wit:

"The congregation of the First Presbyterian church of Paola, Kansas, being on sufficient grounds well satisfied of the ministerial qualifications of you, Alex. Thompson, and having good hopes, from our past experience of your labors, that your ministrations in the gospel will be profitable to our spiritual interests, do earnestly call and desire you to undertake the pastoral office of this congregation, promising you, in the discharge of your duty, all proper support, encouragement and obedience in the Lord.

"And that you may be free from worldly cares and avocations, we hereby promise and oblige ourselves to pay you the sum of one thousand dollars, in monthly payments, during the time of your being and continuing the regular pastor of this church.

"In testimony whereof, we have respectively subscribed our names, this first day of February, 1875.　　　　"J. R. GARRISON,
　　　　　　　　　　　　　　　"J. E. THAYER,
　　　　　　　　　　　　　　　"J. W. MILLER,
　　　　　　　　　　　　　　　"N. STEEL,
　　　　　　　　　　　　　　　　　　　　"Elders.

"Attested by: J. R. McLAIN, *Moderator of the Meeting.*"

And the plaintiff alleges that at the time of the execution and delivery of said written obligation, the congregation of the First Presbyterian church of Paola, Kansas, was not in-

corporated, and the defendants were each and all of them members of said congregation.

The petition further alleges acceptance by plaintiff of this invitation, performance of the services, and a consequent indebtedness. Ought the demurrer to have been sustained? We think not. Upon this obligation some party was bound. It was an invitation to perform services, and it is alleged that the services were performed. If performed, as alleged, upon this invitation, some party is responsible therefor. And such party must be either the persons who signed the invitation, or the congregation for which they acted. In either event, it would seem under the allegations that defendants are liable. If, because they signed the obligation, they are responsible, then the demurrer was improperly overruled. If the congregation for which they acted was alone responsible, then as such congregation was not incorporated, each member thereof is responsible, and it is alleged that they were members. If they were members of a voluntary association which invited plaintiff to perform services, they are responsible as members, and it matters not that they were a committee or elders. Each member participating in the invitation is severally bound. The case of *Paddock v. Brown*, 6 Hill, 530, is cited, and we should judge that the ruling of the district court was based upon that case; but whether that be correctly decided or not, here it appears, as it did not in that case, that there was no incorporation, and that the parties signing the obligation were members of the voluntary association which extended the invitation. Whether, if there was an incorporated society for which defendants acted, they would be personally responsible, we need not inquire; no such question is before us.

As to any matters outside the record which counsel notices in his brief, it seems hardly necessary to say that we cannot notice them. They must be brought upon the record before they can in any manner influence our decision.

The judgment of the district court must be reversed, and the case remanded with instructions to overrule the demurrer.

All the Justices concurring.